IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DEBRA P. ROOKS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: CV207-104

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying her claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff protectively filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on October 20, 2004, alleging that she became disabled on May 20, 2004, due to severe left upper extremity problems and cervical problems which radiated in both arms. (Tr. at 14; Pl.'s Br., p. 1). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 4, 2006, ALJ Davis held a video hearing at which Plaintiff appeared and testified. Mark Leaptrot, a vocational expert, also testified at this hearing.

ALJ Davis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 14). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 3).

Plaintiff, born on May 10, 1967, was thirty-nine (39) years old when ALJ Davis issued his decision. She has a tenth grade education. (Tr. at 107). Her past relevant work experience includes employment as a housekeeper/cleaner and a short order cook. (Tr. at 19).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir.

2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to adjust to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of May 20, 2004, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 16). At Step Two, the ALJ determined that Plaintiff had degenerative disc disease of the cervical spine, chronic left C-5 radiculopathy, and carpal tunnel syndrome of the left wrist, which are considered severe impairments. Also at Step Two, the ALJ determined Plaintiff's impairments did not meet or medically equal a listed impairment. ALJ Davis found Plaintiff had the residual functional capacity: to perform work at the light exertional level with no more than occasional crawling and reaching overhead with her left arm and hand, no climbing of ropes, ladders, and scaffolds, and no fine manipulation with her left hand. At the next step, ALJ Davis concluded that Plaintiff could perform her past relevant work as a housekeeper/cleaner and a short order cook, as they are performed in the national economy. (Tr. at 18-19).

## ISSUES PRESENTED

Plaintiff asserts ALJ Davis erred by finding she could return to her past relevant work, despite not being able to effectively use her left dominant hand, and ignoring her treating physician's statements to the contrary.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends ALJ Davis' finding that she could perform her past relevant work as a housekeeper/cleaner and a short order cook required him to ignore the evidence presented by her treating physicians, especially Dr. Roy Baker. Plaintiff asserts the ALJ ignored evidence that she had no range of motion in her neck, continued having neck, shoulder, and headache pain, and had increased edema in her feet. Plaintiff also asserts ALJ Davis discounted Dr. Baker's opinions in favor of the opinions from reviewing, non-examining physicians from the State agency. Plaintiff avers ALJ Davis should have sent her for a consultative neurological evaluation if he questioned the opinion of limitation which Dr. Baker found her to have. Plaintiff also avers the ALJ could not rely solely on the opinions of State agency physicians who never examined Plaintiff. Plaintiff contends ALJ Davis' hypothetical to the vocational expert did not include whether an individual who could not use her dominant hand could perform the jobs of housekeeper/cleaner or short order cook.

Defendant asserts ALJ Davis had good cause to discount some of Dr. Baker's findings and reports. Defendant claims one of Dr. Baker's reports is inconsistent with his own treatment records and that Plaintiff ignores evidence which is inconsistent with this report.

It is well-established that the opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent

with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241.

ALJ Davis found the record did not support Plaintiff's allegations of severe pain, muscle spasms, lack of strength in her left hand, or an inability to lift much of anything. The ALJ noted Plaintiff underwent cervical surgery, which involved a cervical discectomy with removal of the C4-5 disc and osteophytes, decompression of the nerve roots and dura, cervical arthrodesis, and anterior cervical fixation. Plaintiff went to physical therapy off and on for about four (4) months before she stopped going to therapy all together after missing one (1) appointment and not going at all for about a month and a half. (Tr. at 17). The ALJ reviewed Plaintiff's post-operative records from Dr. Baker, which revealed Plaintiff's report of her inability to lift her left arm. Dr. Baker found that Plaintiff had a little weakness of the left deltoid muscle upon examination, but no profound weakness, and her strength was excellent other than the little weakness on her left side. The ALJ stated Dr. Baker helped Plaintiff raise her left arm, and she could get it all the way over her head and let it down slowly. In addition, Dr. Baker noted he was going to order x-rays for Plaintiff because, despite her view of "being pretty disabled", he did not "see any definite objective weakness." (Id.) In addition, another examination of Plaintiff by Dr. Baker revealed: no cervical spasms; full range of motion on her shoulders; the ability to turn her neck 20 degrees in either direction, to bend forward to about 60 degrees at the waist, and straight leg raising was negative to 90 degrees bilaterally; and good range of motion of the hips. ALJ Davis observed neurologic testing revealed excellent strength, and cervical x-rays looked "good". (Id.) Dr. Baker obtained lumbar x-rays due to Plaintiff's complaints of back pain, but these x-

rays were normal. ALJ Davis also noted Dr. Baker's statement that he did not have anything further to offer Plaintiff from a neurosurgical standpoint, but he would keep her on therapy if she thought it was helping her. ALJ Davis observed that Dr. Baker had Plaintiff undergo an MRI of the cervical spine approximately one (1) year after her surgery; the MRI revealed prior fusions with no high grade stenosis and what appeared to be mild stenosis at the C4-5 and C5-6 level. An EMG and nerve conduction study revealed chronic left C5 radiculopathy and carpal tunnel syndrome of the left wrist.

Dr. Baker performed a left carpal tunnel release surgery, and Plaintiff was doing "extremely well" with "no complaints" after this surgery. (Id. at 17, 19). The ALJ noted an examination of Plaintiff revealed graded 5/5 motor strength throughout her upper and lower extremities bilaterally, 2+ reflexes throughout, and intact sensation. The ALJ also noted Plaintiff's left hand fine limitation restriction was based on her subjective complaints only, as there was no indication of any further limitations post-operatively. ALJ Davis observed Dr. Baker did not place any functional limitations or restrictions on Plaintiff's left hand or arm. In addition, ALJ Davis discounted Plaintiff's allegations of very severe (8 to 9 on a scale of 1 to 10) pain with muscle spasms due to her back because Dr. Baker's post-operative notes refuted Plaintiff's claims.

A review of the record indicates ALJ Davis did not discount Dr. Baker's opinions, and, in fact, he relied heavily on these opinions. Plaintiff contends ALJ Davis did not comment on the neurological questionnaire Dr. Baker completed, which indicated Plaintiff had extremely limited strength abilities proximally and distally on her left, dominant hand, an extreme limitation in pinch and grip on her left hand, and atrophy on her left hand. (Pl.'s Br., p. 11). However, this questionnaire pre-dated Plaintiff's carpal

tunnel release surgery. (Tr. at pp. 148-50). Nothing in the record indicates Plaintiff experienced the same limitations or problems after Dr. Baker performed the carpal tunnel release surgery. To the extent ALJ Davis discounted the opinions of Plaintiff's treating physician, ALJ Davis had "good cause" to do so. Plaintiff is not entitled to her requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE