
FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 AUG 21 AM II: 19

CLERK_____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

DEBRA P. ROOKS,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )       CIVIL ACTION NO.: CV207-104
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security,         )
                                         )
            Defendant.                   )

## ORDER

After an independent and de novo review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff asserts the Magistrate Judge allowed the Commissioner to discount Dr. Roy Baker's statement "solely because he later operated on her left hand for carpal tunnel[.]" (Doc. No. 26, p. 2). Plaintiff contends that accepting this reasoning "requires this Court to find that every time an operation is performed, it is successful and remedies every complaint and limitation that a patient had prior to the surgery." (Id.) Plaintiff asserts Dr. Baker performed the carpal tunnel surgery in May 2005, and in October 2005, he ordered a cervical Magnetic Resonance Image ("MRI") due to Plaintiff's alleged difficulties with her upper extremities. Plaintiff alleges that the Administrative Law Judge ("ALJ") could have questioned Dr. Baker about her limitations and asked whether her limitations existed after the left carpal tunnel release surgery.

AO 72A
(Rev. 8/82)

Plaintiff also alleges the ALJ could have sent her for a consultative neurological evaluation. Plaintiff further alleges the ALJ's failure to choose either of these options "should be fatal" to the finding that substantial evidence supports the ALJ's finding that Plaintiff was not disabled within the meaning of the Act, "especially where it is clear that this woman did not have the money to get back to her doctor once her daughter turned 18, and she was no longer eligible for Medicaid." (Id. at 2-3). Plaintiff avers that, if Dr. Baker's opinion is not accepted, the only opinion as to her limitations comes from reviewing, non-examining doctors who evaluated her records months before the carpal tunnel release surgery. Plaintiff asserts this evidence does not constitute substantial evidence to support the ALJ's determination that she is not disabled.

Plaintiff's Objections indicate she misconstrues the Magistrate Judge's Report and Recommendation, as well as the record before the Court. Dr. Baker ordered the MRI of Plaintiff's cervical spine approximately one (1) year after she underwent cervical surgery; this seems to have nothing to do with Plaintiff's left carpal tunnel release surgery. In addition, as the Magistrate Judge noted, Dr. Baker observed Plaintiff was doing "extremely well" with "no complaints" after the left carpal tunnel release surgery. (Doc. No. 24, p. 7)(quoting Tr. at pp. 17 and 19). Further, to the extent the ALJ discounted any of Dr. Baker's opinions, he had good cause to do so, as Plaintiff's allegations of limitations due to carpal tunnel syndrome in her left hand were not supported by Dr. Baker's records or the medical evidence as a whole. The Magistrate Judge did not "allow" Dr. Baker's opinion to be discounted "solely" because Dr. Baker operated on her left hand; rather, the Magistrate Judge concluded the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**, and Plaintiff's cause of action is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _21_ day of _August_ , 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA